## TEXAS POWER & LIGHT CO. v. KOY et al. (No. 8284.)

Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1929.

Rehearing Denied Jan. 8, 1930.

Searcy & Hodde, of Brenham, for appellant.

Johnson & Hill, C. G. Krueger, and J. Lee Dittert, all of Bellville, for appellees.

FLY, C. J. This is a suit instituted in the county court by George Koy against the Aus-

tin County Fair Association, to recover $900 damages claimed to have been suffered by said Koy by reason of a failure on the part of the fair association to furnish sufficient electric lights to illuminate certain rodeo exhibitions at night, such as he had contracted with the association to exhibit. The fair association claimed to have a contract with appellant to furnish the electric light for the rodeo, and that, if Koy suffered any damages by reason of a failure to obtain sufficient light, it resulted from no negligence upon its part, but upon the part of appellant, and it prayed that appellant be made a party, and that, if Koy should obtain judgment against the fair association, it have judgment for a like sum over against the Texas Power & Light Company. The latter denied liability and claimed that, if there was not sufficient light, it arose from the fact that the fair association insisted on having the wiring done by one of its own employés, and the wiring was defectively done. The cause was submitted to a jury, and upon their verdict a judgment was rendered in favor of Koy against the fair association for $500, and for the same amount in favor of the latter as against appellant.

The jury in answer to special issues found that the failure to receive sufficient light on the first and second nights of the fair was not caused by defective or insufficient wiring upon the part of the fair association, that the insufficient light was caused by a failure of the Texas Light & Power Company to place a transformer at the fair association park. The jury answered that Koy was damaged by the failure to properly light the park on the first night of the performance in the sum of $500, and nothing on the second night. The evidence sustained the findings of the jury.

The exceptions to the petition were properly overruled by the court, and the objections to the issues presented to the jury were not meritorious. The first, second, fifth, sixth, seventh, eighth, ninth, and tenth propositions are overruled. The questions submitted contained all the pertinent issues, and the court did not err in refusing to submit special issues requested by appellant. The eleventh and twelfth propositions are overruled.

[2] Appellee Koy alleged in his petition that, in pursuance of his contract with the fair association, "he went to great expense in securing riders, cattle, horses, mules, steers, calves and goats," and coupled the expenses arising from such expense with the failure to furnish light as the elements of damages, and prayed for damages based on the expenses as well as the loss from the failure to furnish light. He had the right to prove such expenses as well as the damages arising from the failure to furnish lights. His testimony as to the large crowds at the fair on the first night and the great number seeking admittance to the rodeo, as well as the statement as to his calculation as to the proportion of the people attending different fairs who usually went to the rodeo, was objected to, but was properly admitted. It was objected to as being irrelevant and immaterial, but was pertinent and material. There is often no positive means of calculating damages arising from a breach of contract, and the objections urged to the testimony are without weight.

The verdict was supported by the evidence and was not excessive.

The judgment is affirmed.